IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**HEATHER RUSSELL**                                                              **PLAINTIFF**

      **v.**          Civil No. 08-5149

**B-SEW INN, LLC**                                                               **DEFENDANT**

**O R D E R**

NOW on this 25th day of August 2008 comes on for consideration Plaintiff's **Motion to Remand** (document #7) and Defendant's response in opposition thereto (document #8). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. Plaintiff Heather Russell commenced this lawsuit in the Circuit Court of Washington County, Arkansas on June 4, 2008 against Defendant B-Sew Inn, LLC. In her complaint, Plaintiff seeks to recover damages for Defendant's alleged wrongful termination of Plaintiff in violation of the Arkansas Domestic Violence Act and Arkansas public policy.

2. On June 26, 2008, Defendant removed the instant matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, Defendant says that federal diversity jurisdiction exists because Plaintiff is a resident of Arkansas while Defendant is an Oklahoma corporation with its principle place of business in Muskogee,

Oklahoma.  Moreover, in her complaint, Plaintiff does not specify the amount in controversy but says that she seeks actual, consequential, and punitive damages "in an amount in excess of the federal court jurisdictional limit." Doc. 2 at 3.

3. Plaintiff now moves this Court to remand the matter, saying that she wishes to amend her complaint to specify that she seeks a judgment of up to $73,000 – as her claims are worth no more than this amount.  Accordingly, Plaintiff says that the requisite amount in controversy is not satisfied in this case and, as a result, there is no diversity jurisdiction.

In response, Defendant argues that the jurisdiction of the Court depends upon the state of things at the time the action was removed.  And, as the original complaint states that Plaintiff seeks damages "in an amount in excess of the federal court jurisdictional limit," the amount in controversy requirement is satisfied here.

4.   The Court begins its analysis with the fundamental principle that federal courts are courts of limited jurisdiction. See e.g., Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673, 1675 (1994).  Consequently, they have jurisdiction over only those cases that they have been authorized by Congress or by the Constitution to hear. Id.  If the Court lacks subject matter jurisdiction, any action it takes is a nullity. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct.

534, 541-42 (1951).

The party seeking to invoke the jurisdiction of the federal courts has the burden of proving the existence of jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936). Thus, in removal cases the burden is on the defendant and all doubts are to be resolved in favor of remand. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921); In re Business Men's Assurance Co. of America, 992 F.2d 181, 182 (8th Cir. 1993). The jurisdictional determination is made on the basis of the record at the time of removal. Keene Corp. v. United States, 508 U.S. 200, 207-08, 113 S.Ct. 2035, 2040 (1993). Consequently, a post-removal change, such as a plaintiff's dismissal of a party, does not defeat federal jurisdiction acquired through removal.

While a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, a court will not assume the claimed amount is the actual amount in controversy if the court questions whether the sum alleged is legitimate – for then "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). This rule applies even in a removed case where the party invoking jurisdiction is the defendant. James Neff Kramper Family Farm Partnership, 393 F.3d 828, 831 (8th Cir. 2005).

Finally, the amount stated in the petition is not itself determinative of the jurisdictional issue. Zumanom v. Brown, 418 F.2d 883, 885 (8th Cir. 1969) ("the plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive"). Rather, it is the substance of the claim, not the conclusory recitation of its worth, that will determine whether federal jurisdiction exists. See Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co., 350 F.2d 1006, 1008 (8th Cir. 1965) ("The value of the right which is sought to be enforced by the suit determines the amount in controversy.").

5. While Plaintiff's original complaint states that the amount of damages sought exceeds the federal jurisdiction limit, Plaintiff has now given reasons why her claims are not worth more than $73,000. Specifically, Plaintiff states that she was not earning more than $40,000 per year while working for Defendant. Plaintiff further says that she is now currently employed and is earning $32,864 annually. Plaintiff says that in her claim for "back pay," she must acknowledge actual wages earned and that she cannot claim back pay damages of more than $7,136 per year if Defendant is found liable for damages. Thus, to receive back pay in an amount that would exceed $75,000, she would have to show that she suffered wage loss due to her wrongful discharge for 10.5 years -- something, apparently, she cannot do. Considering the foregoing, the Court questions whether the amount in controversy requirement is, indeed,

satisfied in the instant case.

Defendant has not stated any reason why the amount in controversy exceeds $75,000 and, in fact, simply relies on the general statement made in the complaint that the amount sought exceeds the federal jurisdictional limit. As already noted, this statement, alone, is not sufficient to show the Court that diversity jurisdiction exists in this case.

In view of the foregoing, the Court believes that it needs more information before ruling on Plaintiff's motion to remand. Accordingly, the parties are directed to submit supplemental briefing on the question of jurisdiction. Specifically, Defendant is directed to point out to the Court any evidence it has showing that the claims brought by Plaintiff could possibly satisfy the amount in controversy requirement and Plaintiff is directed to point out to the Court any other evidence she may have to the contrary. See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000"). Each party shall be permitted to respond to the other's brief, if necessary.

In submitting their briefs, the Court reminds the parties that, under any manner of proof, the jurisdictional facts must be judged at the time of the removal, and any post-petition affidavits

or evidence are allowable only if relevant to that period of time.

**IT IS THEREFORE ORDERED** that, within ten (10) days of the date of this Order, each party shall submit supplemental briefing concerning the issue of diversity jurisdiction. Each party shall have five (5) days thereafter to respond to the other's briefing, if they feel such response is necessary or would prove helpful to the Court.

After reviewing the submissions of the parties, the Court will rule on Plaintiff's pending Motion to Remand (document #7).

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**