```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**HEATHER RUSSELL**                                                **PLAINTIFF**

      **v.**            **Civil No. 08-5149**

**B-SEW INN, LLC**                                                 **DEFENDANT**

## O R D E R

NOW on this 4th day of November 2008 comes on for consideration Plaintiff's **Motion to Remand** (document #7), Defendant's response in opposition thereto (document #8), and the supplemental briefs filed by both parties (documents #12 and 15). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.  Plaintiff Heather Russell ("Plaintiff") commenced this lawsuit in the Circuit Court of Washington County, Arkansas on June 4, 2008 against Defendant B-Sew Inn, LLC ("Defendant"). In her complaint, Plaintiff seeks to recover damages for Defendant's alleged wrongful termination of Plaintiff in violation of the Arkansas Domestic Violence Act and Arkansas public policy.

On June 26, 2008, Defendant removed the instant matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, Defendant says that federal diversity jurisdiction exists because Plaintiff is a resident of Arkansas while Defendant is an Oklahoma

corporation with its principle place of business in Muskogee, Oklahoma. Moreover, in her complaint, Plaintiff does not specify the amount in controversy, but says that she seeks actual, consequential, and punitive damages "in an amount in excess of the federal court jurisdictional limit." Doc. 2 at 3.

2. Plaintiff now moves to remand this matter, saying that she wishes to amend her complaint to specify that she seeks a judgment of up to $73,000 – as her claims are worth no more than this amount. Accordingly, Plaintiff says that the requisite amount in controversy is not satisfied in this case and, as a result, there is no federal diversity jurisdiction.

In response, Defendant argues that the jurisdiction of the Court depends upon the state of things at the time the action was removed. And, as the original complaint states that Plaintiff seeks damages "in an amount in excess of the federal court jurisdictional limit," the amount in controversy requirement is satisfied here.

3. On August 25, 2008, the Court entered an Order (document #10) directing the parties to submit supplemental briefing on the issue of the amount in controversy. More specifically, the Court -- finding that it required more information before ruling on Plaintiff's motion to remand -- directed Defendant to point out any evidence it has showing that the claims brought by Plaintiff could possibly satisfy the federal amount in controversy

requirement.  Moreover, Plaintiff was directed to point out to the Court any other evidence she may have to the contrary.

In response to the Court's Order, Defendant submitted supplemental briefing which argues that attorney's fees should be considered in determining whether the jurisdictional amount is met. In the instant case, Defendant says, Plaintiff appears to seek up to $73,000 for general, compensatory, and punitive damages.  In addition to her prayer for $73,000, Plaintiff seeks attorney's fees.  Defendant argues that the prayer for $73,000 plus attorney's fees well exceeds the amount in controversy requirement.

In her supplemental brief, Plaintiff argues that her damages are not likely to exceed $73,000, and this was true as of the date of removal.  Plaintiff claims that, at the time of removal, she had a total wage loss of $1,200 per month.  This loss represents the crux of Plaintiff's case.  And, for Plaintiff's wage loss to come near to the requisite amount if controversy, she would have to experience this loss for a lengthy period of time.  This is not the case here because Plaintiff has a new job that has reduced her wage loss to zero – as Plaintiff's current job pays an amount equal to or more than her prior position with Defendant.

4.  A civil action brought in state court may be removed to federal court when the case could originally have been filed in federal court. 28 U.S.C. § 1441(a).  An action between diverse parties may be brought in federal court when the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The party seeking to invoke the jurisdiction of the federal courts has the burden of proving the existence of such jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 56 S.Ct. 780, 785 (1936). Thus, in removal cases the burden is on the defendant and all doubts are to be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As a general matter, then, a removing defendant has a more onerous burden to establish the requisite amount in controversy than does a plaintiff who initially files a case in federal court. See Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002) (where plaintiff files suit in federal court, the court has jurisdiction unless, as a matter of law, the plaintiff could not recover more than $75,000).

While a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, a court will not assume the claimed amount is the actual amount in controversy if the court questions whether the sum alleged is legitimate – for then "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." State of Missouri ex rel. Pemiscot County v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995). This rule applies in a removed case where the party invoking jurisdiction is the defendant. James Neff

Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); In re Minn. Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2005) (applying the rule in a removed case). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

5. In the instant case, it appears from the evidence presented to date that Plaintiff's claims for lost wages are worth an amount well below the jurisdictional minimum. As previously noted, as of the date of removal, Plaintiff had a total wage loss of $1,200 per month. Plaintiff's wage losses were not sustained at length because she was re-employed and her new job reduced her wage loss to zero -- as her current wages are equal to or even more than the wages paid by Defendant.

While Defendant correctly states that Plaintiff's claims for compensatory damages, punitive damages, and attorney's fees should be considered in determining whether the jurisdictional minimum is satisfied, the amount of any such award in this matter is clearly speculative. That is, Defendant has failed to offer the Court sufficient evidence regarding the projected awards in this case. See Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994) ("Although

punitive damages are included in the amount of controversy, ... , the 'existence of the required amount must be supported by competent proof.'").

Defendant also points to the fact that Plaintiff originally stated that her claims were worth "an amount in excess of the federal court jurisdictional limit," and argues that Plaintiff cannot now amend her complaint simply to avoid removal to federal court.  The Court agrees.  However, the Court notes that the "*value* of the right which is sought to be enforced by the suit determines the amount in controversy." Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co., 350 F.2d 1006, 1008 (8th Cir. 1965) (emphasis added); see also Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987).  Thus, it is the substance of the claim that will determine whether federal jurisdiction exists -- not merely the amount stated in the complaint.  And, reviewing the substance of Plaintiff's claims at the time of removal and the evidence now before the Court, the Court finds that Defendant has not set forth sufficient proof that Plaintiff's verdict may reasonably exceed $75,000. See Gilmer v. Walt Disney Co., 915 F.Supp. 1001, 1007 (W.D. Ark. 1996) (defining defendant's burden under the preponderance of evidence test as providing sufficient proof that a plaintiff's verdict may reasonably exceed the jurisdictional amount).  Thus, resolving all doubts as to jurisdiction in favor of remand, the Court finds that Plaintiff's

motion to remand should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (document #7) should be, and it hereby is, **GRANTED**.  Accordingly, the Clerk of the Court is directed to remand this matter to the Circuit Court of Washington County, Arkansas, Civil Division.

**IT IS SO ORDERED.**

                                        **/s/ Jimm Larry Hendren**
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**